**Djamkhur T. VAHIDOV, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 09–1916.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 9, 2011.

Filed: Feb. 11, 2011.

Jay H. Lee, Esq., New York, NY, for Petitioner.

Aliza B. Alyeshmerni, Esq., Daniel E. Goldman, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: JORDAN, GREENAWAY, JR., and WEIS, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Djamkhur Vahidov petitions this Court to review a decision by the Board of Immigration Appeals ("BIA" or "Board") affirming the decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Vahidov also asserts that the BIA failed to adequately address the motion for remand that he filed with his appeal to the Board. For the reasons discussed below, we will deny the petition for review of the BIA's order affirming the IJ's decision, but we will grant the petition for review that relates to Vahidov's motion for remand and will return this case to the BIA for further proceedings, consistent with this opinion.

## I. Background

Vahidov is a citizen of Uzbekistan who attempted to enter the United States in March, 2008 with a fraudulent visa. He was detained upon entry and was not admitted or paroled into the United States. In April 2008, Vahidov conceded his removability but applied for asylum, withholding of removal, and protection under the CAT.

Vahidov appeared before the IJ in July 2008, and relied on the following factual assertions in requesting relief. In December 2004, members of the Uzbekistani police force interrogated him regarding his brother-in-law, who had sought and received asylum in the United States. The police beat Vahidov severely enough to give him a concussion and bruise his jaw and eye, and they demanded $10,000 in

exchange for not arresting him. In December 2005, Vahidov was detained again by the same police officers upon returning to Uzbekistan after working for six months in Russia. On that occasion, the officers did not beat him, but they demanded $15,000 in exchange for not arresting him. To pay off the officers, Vahidov had to borrow money from a local mafia figure. That individual later threatened Vahidov's life, when Vahidov had trouble repaying the debt. Shortly thereafter, the mafia figure was put into a psychiatric hospital where he remained for an extended time. During that period, Vahidov did not have any significant problems in Uzbekistan. Upon release of the mafia figure, however, Vahidov feared for his life, so he obtained a fraudulent visa to come to the United States.

Based on those claims, Vahidov asserted that he was eligible for asylum and withholding of removal. Specifically, Vahidov claimed that he was, and would be, persecuted because of his membership in a particular social group, namely a group comprised of relatives of his dissident brother-in-law, and because of the political views that would be imputed to him based upon his relationship to his brother-in-law. He also claimed he was eligible for relief under the CAT because the government of Uzbekistan would subject him to torture or acquiesce in his torture by the mafia figure to whom he still owes money.

On July 28, 2008, the IJ denied Vahidov's applications for asylum, withholding of removal, and relief under the CAT. While finding Vahidov to be credible, the IJ determined that he did not meet the requirements for asylum or withholding of removal because the evidence did not support a finding that he was persecuted or had a well-founded fear of future persecu-

tion on account of an actual or imputed statutorily protected ground. Rather, the IJ found that "[t]here were no apparent reasons for the actions of [the Uzbekistani police] except greed" (App. at 176); that "[t]here was insufficient evidence in the record to sustain a finding that" Vahidov was "mistreated by the authorities ... on account of his imputed political opinion" (App. at 177); that "the government did not appear to have any interest in [Vahidov] based on his relationship with his brother-in-law" (App. at 180); and that Vahidov's voluntary return to Uzbekistan in December 2005 "weigh[ed] heavily against the finding that [he] genuinely feared persecution" (App. at 178). Furthermore, the IJ rejected Vahidov's CAT claim because he failed to show that "he would be subject to torture by any public official in Uzbekistan at the instigation of, or at the acquiescence of such official." (App. at 183).

Vahidov appealed the IJ's decision to the BIA and filed a motion to remand the case to the IJ for consideration of his fear of future persecution based on his application for asylum in the United States. On March 5, 2009, the BIA affirmed the IJ's decision. It held that the record supported the IJ's decision that Vahidov failed to establish "the requisite nexus on the basis of imputed political opinion" and, despite finding that the IJ "did not address the respondent's claims as predicated upon membership in a particular social group," held that Vahidov's "claims based upon membership in a particular social group ... also fail[ ]." (App. at 7–8.) The BIA further concluded that the record supported the IJ's finding that Vahidov failed to establish that "an individual in his circumstances is more likely than not to be subjected to torture as that term is defined by the [CAT]." (App. at 8.) The BIA did not, however,

address Vahidov's motion to remand.[1]

Vahidov timely filed his petition in this Court on March 30, 2009.

## II. Discussion [2]

 The present record does not compel us to overturn the BIA's dismissal of Vahidov's appeal regarding his applications for asylum, withholding of removal, and relief under the CAT. To be granted asylum, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). While it is obviously and seriously troubling that Vahidov suffered a beating and extortion at the hands of Uzbekistani police years before coming to the United States, substantial evidence supports the BIA's adoption of the IJ's conclusion that the beating and extortion were motivated by basic greed and not a statutorily-protected ground for asylum.[3] Likewise, Vahidov's fear of imprisonment for obtaining a fraudulent visa, a possible criminal act in Uzbekistan, is not a protected ground for asylum. Asylum may be granted for fear of persecution, not prosecution. *Saleh v. U.S. Dept. of Justice*, 962 F.2d 234, 239 (2d Cir.1992) ("Punishment for violation of a generally applicable criminal law is not persecution."). Vahidov's fear of retribution by the Uzbekistani mafia figure for failure to repay a debt also is not a protected ground for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (listing protected grounds). As for Vahidov's CAT claim, we cannot conclude that a reasonable factfinder would be compelled by the record before us to find that Vahidov proved by a preponderance of the evidence that he would suffer torture at the hands of Uzbekistani officials or that they would acquiesce in his torture by the mafia.

 Turning to the BIA's decision regarding Vahidov's motion to remand to consider his fear of future persecution based on his application for asylum in the United States, we cannot at this point meaningfully comment. The BIA failed to address the motion in its decision, thus making any review infeasible. While we recognize that Vahidov may face a high hurdle to convince the BIA to grant his motion, since he failed to raise the same argument before the IJ, we will not speculate on the BIA's rationale for not reaching the motion or its merits. The BIA's failure to address the motion "make[s] it impossible for us to meaningfully review its decision." *Kayembe v. Ashcroft*, 334 F.3d 231, 238 (3d Cir.2003). Therefore, we must remand to the BIA so that the Board can explain its reasoning. *See id.; see also I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that it was clear error for a court of appeals to consider an issue re-

---

1. In a footnote, the BIA stated that it was "unnecessary to address the remaining arguments on appeal." (App. at 8 n. 1.) The Board may have been addressing Vahidov's motion to remand with this statement, but that is a matter of surmise.

2. We have jurisdiction to review a final decision of the BIA under 8 U.S.C. § 1252(a). We must sustain the BIA's decision if it is supported by substantial evidence. *Jarbough v. Att'y Gen. of the U.S.*, 483 F.3d 184, 191–92 (3d Cir.2007). We look to the decision and reasoning of the IJ, to the extent the BIA

deferred to or adopted it; otherwise, we look to the decision of the BIA. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006); *Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir.2005). The BIA's decision "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001).

3. That finding mitigates any perceived inconsistencies with the IJ's finding that Vahidov was credible yet not eligible for asylum.

garding asylum eligibility before the BIA had "the opportunity to address the matter in the first instance in light of its own expertise"); *Uriostegui v. Gonzales*, 415 F.3d 660, 664–65 (7th Cir.2005) (remanding to the BIA when the Board failed to adequately adjudicate a motion to remand pending before it).

## III. Conclusion

For the foregoing reasons, we will deny Vahidov's petition for review of the BIA's decision on his applications for asylum, withholding of removal, and relief under the CAT, and we will grant his petition for review of the BIA's denial of his motion to remand.