**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4165
_____

DJAMKHUR T. VAHIDOV,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-082-819)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2012

Before: SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed May 23, 2012)

_____

OPINION
_____

PER CURIAM

        Djamkhur Vahidov, proceeding pro se, petitions for review of the Board of

Immigration Appeals's ("BIA") October 19, 2011 order denying his motion to remand.

For the reasons that follow, we will deny the petition for review.

In 2008, Vahidov appeared in removal proceedings before the Immigration Judge ("IJ"), who ordered Vahidov removed to his native Uzbekistan and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA denied Vahidov's subsequent appeal. Vahidov filed a petition for review; we denied the petition to the extent that Vahidov challenged the agency's resolution of his requests for asylum and related relief, but we granted the petition in part because the BIA failed to adjudicate Vahidov's motion to remand, which was incorporated into his brief before the BIA. See Vahidov v. Att'y Gen., 413 F. App'x 462, 465-66 (3d Cir. 2011). The motion to remand, which comprised a single paragraph in his brief, contended that the case should be remanded to the IJ to consider whether Vahidov has a well-founded fear of persecution based on his status as an asylum applicant in the United States. Notably, Vahidov did not raise that claim before the IJ, and his motion relied only on the 2007 State Department Country Report on Uzbekistan, which indicates that the Uzbekistani government pressured certain other countries to return individuals who had sought asylum, and Lin v. United States Dep't of Justice, 459 F.3d 255 (2d Cir. 2006), both of which were available during the proceedings before the IJ.

On remand, the BIA held that Vahidov's claim for asylum based on his status as an asylum applicant was waived and, in the alternative, that he had failed to meet his burden of demonstrating that a remand was warranted. Accordingly, the BIA denied the

2

motion to remand. Vahidov then filed a petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to remand or to reopen for abuse of discretion, see Huang v. Att'y Gen., 620 F.3d 372, 390 (3d Cir. 2010), and will not disturb that decision unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (internal citation omitted). "The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record." Huang, 620 F.3d at 389. Accordingly, the BIA may deny the motion if: "(1) the alien as not established a *prima facie* case for the relief sought; (2) the alien 'has not introduced previously unavailable, material evidence'; or (3) in the case of discretionary relief (such as asylum), the alien would not be entitled to relief even if the motion was granted." Caushi v. Att'y Gen., 436 F.3d 220, 231 (3d Cir. 2006) (quoting INS v. Abudu, 485 U.S. 94, 104 (1988)).

In denying Vahidov's motion to remand, the BIA reasoned that Vahidov's new asylum claim was waived and, in the alternative, that even if the new claim was not waived, he would not be entitled to relief if the matter were remanded to the IJ. We need not address the BIA's waiver analysis because we agree with the alternative holding that Vahidov's motion lacked merit.

To demonstrate eligibility for asylum based on a fear of future persecution, an

3

applicant must demonstrate that he "has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). To satisfy the objective prong, a petitioner must show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly situated individuals. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Here, the BIA first concluded that the Country Report Vahidov relied on did not demonstrate that Uzbekistan persecutes individuals who seek asylum in the United States. We agree. As the BIA noted, although the Country Report indicates that Uzbekistan aggressively sought the return of certain Uzbekistani refugees living in Russia, these refugees were, for the most part, believed to have been involved in terrorist or anti-government activities, i.e., the 2005 events in Andijon, see AR 116-17, and there is no evidence in the Country Report that asylum seekers are persecuted upon returning to Uzbekistan on the basis of having sought asylum.

Likewise, we agree with the BIA that Vahidov's reliance on Lin v. United States Dep't of Justice is inapposite. In Lin, the Second Circuit Court of Appeals reasoned that the petitioner may have faced a new risk of persecution when the United States government inadvertently notified Chinese authorities of the petitioner's asylum application; accordingly, a remand was warranted for the agency to consider that claim. See 495 F.3d at 267-68. As the BIA reasoned, Vahidov failed to demonstrate that any

4

such circumstances exist in his case, as there is no evidence in the record that officials in the United States have alerted the Uzbekistani government to his asylum application.

Accordingly, we will deny the petition for review.